**FILED
CLERK**

2/1/2021

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
MATTHEW JOSEPH MCAVOY,

                          Plaintiff,

                                                      ORDER
        -against-                       21-CV-0349(JS)(ST)

SUFFOLK COUNTY and SUFFOLK COUNTY JAIL,

                          Defendants.
----------------------------------------X

APPEARANCES:

For Plaintiff:      Matthew Joseph McAvoy, 18-A-2287, pro se
                      Auburn Correctional Facility
                      P.O. Box 618
                      Auburn, New York 13024

For Defendants:     No appearances.

SEYBERT, District Judge:

        On January 20, 2021, pro se plaintiff Matthew Joseph McAvoy ("Plaintiff"), who is incarcerated, commenced this action by filing a Complaint along with an application to proceed in forma pauperis ("IFP") and an application for the appointment of pro bono counsel. (Compl., ECF No. 1; IFP Mot., ECF No. 2; Counsel Mot., ECF No. 3.) Upon review of Plaintiff's declaration submitted in support of his IFP application, the Court finds that Plaintiff is qualified by his financial status to commence this action without prepayment of the filing fee. Accordingly, Plaintiff's application to proceed in forma pauperis is GRANTED.

        Pursuant to this Court's January 23, 2012 Consolidation Order in Butler, et al. v. DeMarco, et al., No. 11-CV-2602 (JS)(ST)

(E.D.N.Y.) (the "Consolidated Action"), the Court has reviewed the instant Complaint and finds that it relates to the subject matter of the Consolidated Action. (Consol. Order, No. 11-CV-2602, ECF No. 327.) Accordingly, this action shall be consolidated with the Consolidated Action. This affects Plaintiff in the following ways:

1. Plaintiff in this action shall become a member of the certified classes in Butler (No. 11-CV-2602);[1]

---

[1] The classes are defined as follows:

> (1) [A]n Injunctive Class comprised of all persons who, now or at any time in the future, are or will be detainees or prisoners in the custody of the Suffolk County Sheriff's Department and housed in the SCCF [Suffolk County Correctional Facility], with separate subclasses for those persons detained in Riverhead and Yaphank; and
>
> (2) [A] Damages Class comprised of all persons who are or were detainees or prisoners in the custody of the Suffolk County Sheriff's Department and housed in the SCCF and who were or will be released from the SCCF on or after April 5, 2009, with separate subclasses for those persons detained in Riverhead and Yaphank.

(See Aug. 29, 2016 Order, No. 11-CV-2602, ECF No. 428, at 2-3.)

On August 29, 2016, in the Consolidated Action, this Court adopted then-Magistrate Judge Gary R. Brown's Report and Recommendation and granted the Consolidated Action Defendants' cross motion to amend the class definitions to "exclude all Suffolk County Correctional Facility inmates 'who were or have been housed exclusively at the new jail facility in Yaphank, New York.'" (Id. at 3-5.)

2

2. Any claims in the instant Complaint that are not included in the Consolidated Amended Complaint in Butler shall be severed (see Consol. Order at 17 (describing the process for proceeding with any severed claims after the resolution of the Consolidated Action)); and

3. Plaintiff, as a member of the class, shall be represented by pro bono counsel, Shearman & Sterling LLP.[2] Accordingly, Plaintiff's application for the appointment of pro bono counsel is DENIED as moot.

A copy of the Consolidation Order and the Consolidated Amended Complaint (the operative Complaint) in Butler are annexed to this Order.

If Plaintiff does **not** wish to proceed as a member of the Consolidated Action, he must inform the Court, in writing, within thirty (30) days after receiving a copy of this Order. Upon receipt of such a letter, the Court will direct the Clerk of the Court to sever this Complaint from the Consolidated Amended Complaint and reopen and reinstate this individual pro se action.

For the foregoing reasons, Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED and his application for the appointment of pro bono counsel (ECF No. 3) is

---

[2] Counsel's mailing address is:

> Daniel Hector Rees LaGuardia
> Shearman & Sterling
> 599 Lexington Avenue
> New York, NY 10022

Counsel's telephone number is: (212)848-4000.

3

DENIED as moot.  The Clerk of the Court is directed to CONSOLIDATE this matter with Butler, et al. v. DeMarco, et al., No. 11-CV-2602; to mail a copy of this Order, the Order of Consolidation (No. 11-CV-2602, ECF No. 327), and the Consolidated Amended Complaint (No. 11-CV-2602, ECF No. 334) to Plaintiff at his last known address; and to mark this case CLOSED.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   February   1  , 2021
         Central Islip, New York

4